UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TY EVANS,

    Plaintiff,

    v.

DONNA CARNEYGEE,

    Defendant.

CAUSE NO.: 3:18-CV-325-JD-MGG

ORDER

Ty Evans, a prisoner without a lawyer, filed an amended complaint alleging he is a Taoist who was involuntarily enrolled in two Christian education classes in "violation of the Establishment Clause of the First Amendment." ECF 11 at 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

On February 27, 2017, Evans was classified into the PLUS program: a rehabilitation program which required participants take a series of classes. In December 2017, he was told by Donna Carneygee, the Facility Director of the PLUS Program at the Indiana State Prison, that he had to enroll in Christian classes. After filing a grievance, Dave Liebel, the Director of Religious and Volunteer Services for the Indiana

Department of Correction, stated Evans was "not required to take electives that conflict with [his] religious values and will not be penalized for declining to participate in Christian electives." ECF 11 at 7. Nevertheless, in March 2018, "Carneygee acted directly contrary to the orders of her immediate supervisor, Dave Liebel" (ECF 11 at 12) when she involuntarily enrolled Evans in *Real Men Know God*. In April and May 2018, she did so again when she involuntarily enrolled him in *The Truth Project: An In-Depth Christian Worldview Experience*. "The Establishment Clause guarantees that the government may not coerce anyone to support or participate in religion or its exercise . . .." *Kerr v. Farrey*, 95 F.3d 472, 476 (7th Cir. 1996) (quotation mark omitted) *quoting Lee v. Weisman*, 505 U.S. 577, 587 (1992). Here, Evans has plausibly alleged Carneygee coerced him into participating in religious classes.

In addition, Evans alleges Indiana Department of Correction Commissioner Robert E. Carter, Jr., violated his rights by "maintain[ing] 'policies, practices, or procedures' that allowed Donna Carneygee to alter the PLUS program curriculum and deprive Evans of his Constitutional rights." However, Evans has not alleged any facts showing the Commissioner has management systems for employees to violate direct orders from their supervisors such as happened here. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's

framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id*. at 680. Therefore Evans does not state a claim against Commissioner Carter.

For these reasons, the court:

(1) GRANTS Ty Evans leave to proceed against Donna Carneygee in her individual capacity for coercing him to participate in religion by involuntarily enrolling him in Christian classes in March, April, and May 2018, in violation of the Establishment Clause of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Robert E. Carter, Jr.;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the amended complaint (ECF 11) on Donna Carneygee at the Indiana Department of Correction; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Donna Carneygee to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 27, 2018

                                                        /s/ JON E. DEGUILIO
                                                       JUDGE
                                                       UNITED STATES DISTRICT COURT